IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. JENKINS, ) | |
| # 138355, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 1:10cv709-WHA |
| ) | (WO) |
| TONY PATTERSON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by state prisoner Richard J. Jenkins ("Jenkins"). By his petition, Jenkins challenges convictions for capital murder entered against him in 2006 by the Circuit Court of Geneva County, Alabama. In an answer filed with this court (Doc. No. 11), the respondents assert, among other things, that Jenkins has failed to exhaust his state court remedies with respect to the claims in his habeas petition. Specifically, the respondents maintain that Jenkins is currently attacking his murder convictions through a Rule 32 petition filed with, and pending in, the Geneva County Circuit Court.

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that

Jenkins may not have exhausted his available state court remedies with respect to all claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that a petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that on or before October 20, 2010, Jenkins shall show cause why his petition should not be dismissed without prejudice for failure to exhaust state remedies.

Done this 29th day of September, 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE