IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. JENKINS, | ) | |
| # 138355, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv709-WHA |
| | ) | (WO) |
| TONY PATTERSON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by state prisoner Richard J. Jenkins ("Jenkins"). By his petition (*Doc. No. 1*), Jenkins challenges convictions for capital murder entered against him in 2006 by the Circuit Court of Geneva County, Alabama.

In an answer filed with this court (*Doc. No. 11*), the respondents assert that Jenkins has failed to exhaust his state court remedies with respect to the claims in his habeas petition. Specifically, the respondents maintain that Jenkins is currently attacking his murder convictions through a Rule 32 petition filed with, and pending in, the Geneva County Circuit Court. This court entered an order directing Jenkins to show cause why his petition should not be dismissed for his failure to exhaust state remedies. (*Doc. No. 12*.) Jenkins has filed a response (*Doc. No. 13*) in which he acknowledges that his Rule 32 petition is still pending in the Geneva County Circuit Court. He maintains that he filed the instant petition with an eye toward tolling the limitation period for filing a federal habeas petition challenging his

state convictions.[1]

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). A review of the pleadings filed in this case reveals that Jenkins has not exhausted his available state court remedies with respect to all claims presented in his petition for habeas corpus relief. It is uncontested that Jenkins is currently attacking his murder convictions through a Rule 32 petition filed with, and pending in, the Geneva County Circuit Court. This court does not deem it appropriate to rule on the merits of Jenkins's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Jenkins can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Jenkins an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

---

[1] Jenkins is advised that 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

**before November 8, 2010.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

    Done this 26th day of October, 2010.


                                      /s/Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE